IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| JOSE MAURICIO MALAGON, § <br> Plaintiff, § <br> § <br> v. § <br> § <br> CRESCENT HOTEL AND RESORTS, § <br> Defendant. § | Civil Action No. 3:16-CV-0644-D |

## MEMORANDUM OPINION AND ORDER

By order of reference filed April 13, 2018 (doc. 118), before the Court for determination are the plaintiff's *...Objection for Bill of Cost*, filed April 13, 2018 (doc. 117), and related *Objection to the defendant's request for taxable costs*, filed April 16, 2018 (doc. 119). Based on the relevant filings and applicable law, the plaintiff's objections are **OVERRULED**, and the defendant is awarded $2,312.25 in costs.

### I. BACKGROUND

On March 7, 2016, Jose Mauricio Malagon (Plaintiff) filed suit against Crescent Hotels and Resorts (Defendant), asserting claims under the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101 *et seq.*, Title VII of the Civil Rights Act of 1964 (Title VII), and 42 U.S.C. § 2000e *et seq.*[1] (doc. 3 at 2-3; *see* doc. 77 at 1 n.1.)[2] In November 2016, Defendant and Plaintiff each moved for summary judgment. (docs. 52; 58.) On June 12, 2017, the Court entered an order granting in part and denying in part Defendant's motion for summary judgment, denying Plaintiff's motion for summary judgment, and dismissing all Plaintiff's claims, except his claim under the ADA. (doc.

---

[1] The Court previously noted that it was "difficult to discern from [Plaintiff's] complaint . . . the specific claims he [was] asserting," and "consider[ed] the claims as [Defendant] . . . characterized them." (doc. 77 at 1 n.1.)

[2] Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

77; *see* doc. 113.) Following a bench trial on April 2, 2018, the Court entered judgment dismissing all Plaintiff's claims, and assessing Defendant's taxable costs of court against Plaintiff. (doc. 113.)

On April 4, 2018, Defendant submitted its bill of costs for $2,312.25. (doc. 115.) Plaintiff filed his objections on April 13, 2018, and April 16, 2018. (docs. 117, 119.) Defendant did not respond.

## II. ANALYSIS

Plaintiff argues that costs should not be taxed against him under the "'American Rule,' which recognizes that parties to a lawsuit must bear their own litigation expenses." (doc. 117 at 1; doc. 119 at 1.) He also appears to argue that he brought this suit in good faith and that he cannot afford to pay costs. (doc. 119 at 2.)

**A.** <u>**American Rule**</u>

Rule 54 of the Federal Rules of Civil Procedure provides that a prevailing party in a civil action should be allowed to recover its "costs–other than attorney's fees," unless otherwise directed by the court, the rules or a federal statute. Fed. R. Civ. P. 54(d)(1). Taxable costs include: (1) fees paid to the clerk and marshal; (2) fees paid to the court reporter or stenographer for all or part of the stenographic transcript necessarily obtained for use in the case; (3) witness fees and related expenses; (4) printing costs; (5) fees for exemplification and copies of papers necessarily obtained for use in the case; and (6) fees of court appointed experts, interpreters and special interpretation services. 28 U.S.C. § 1920. There is "a strong presumption that the prevailing party will be awarded costs." *Schwarz v. Folloder*, 767 F.2d 125, 131 (5th Cir. 1985) (citing *Delta Air Lines, Inc. v. August*, 450 U.S. 346, 352 (1981)). This presumption is rebuttable, however, and the district court retains the discretion not to award costs. *See United States v. D.K.G. Appaloosas, Inc.*, 829 F.2d

532, 539 (5th Cir. 1987). The district court, however, "'may neither deny nor reduce a prevailing party's request for cost[s] without first articulating some good reason for doing so.'" *Pacheco v. Mineta*, 448 F.3d 783, 794 (5th Cir. 2006) (quoting *Schwarz*, 767 F.2d at 131). The party seeking recovery of its costs bears the burden of proving the amount and necessity of its costs. *See Holmes v. Cessna Aircraft Co.*, 11 F.3d 63, 64 (5th Cir. 1994); *Fogleman v. ARAMCO*, 920 F.2d 278, 285–86 (5th Cir. 1991).

Here, Defendant is the prevailing party in the case and filed its bill of costs requesting fees for service of summons and subpoena, printed or electronically recorded transcripts, witnesses, exemplification and the costs of making copies of any materials, and docket fees under 28 U.S.C. § 1923.[3] (doc. 115 at 1.) It supports its request with itemized billing records and documentation for the recoverable costs. (doc. 115 at 2-14.) Defendant has met its burden of establishing the amount and necessity of its costs in the amount of $2,312.25.

Plaintiff objects that costs are not recoverable based on the "American Rule." (doc. 117 at 1.) It provides that "absent statute or enforceable contract, litigants pay their own attorneys' fees." *Alyeska Pipeline Serv. Co. v. Wilderness Soc'y,* 421 U.S. 240, 257 (1975); *see also Hensley v. Eckerhart*, 461 U.S. 424, 429 (1983). As Plaintiff notes, this rule applies to awards of *attorney's fees*. (doc. 117 at 1.) The costs permitted by Rule 54(d)(1) are distinct from attorneys' fees. *See* Fed. R. Civ. P. 54(d)(1); *see also Billings v. Cape Cod Child Dev. Prog., Inc.,* 270 F. Supp. 2d 175, 177 (D. Mass. 2003). Accordingly, this objection is overruled.

**B.     Good faith and Indigence**

Plaintiff also appears to argue that costs should not be taxed against him because he filed this

---

[3] 28 U.S.C. § 1923 specifically provides for the taxing of docket fees as costs.

lawsuit in good faith, and he cannot afford to pay costs. (docs. 117 at 1-2; 119 at 1-2.)

Indigency alone does not prevent the taxation of costs against a plaintiff. *Tolan v. Cotton*, No. H-09-1324, 2012 WL 12893484, at *4 (S.D. Tex. July 12, 2012), citing *Phillips v. TXU Corp.*, No. 3:03-CV-2736-B, 2007 WL 141060, *2 (N.D. Tex. Jan. 19, 2007)("Although there can be no doubt that Defendant's financial resources are far superior to Ms. Phillips's, were this to be a determinative factor, a non-prevailing individual party would be absolved of ever being liable for the costs incurred by all but the smallest of corporate prevailing parties, particularly in employment discrimination cases. Such a rule would be directly contrary to the general rule embodied in Rule 54(d)(1) that costs be imposed as a matter of course against a non-prevailing party."). Even where a plaintiff is proceeding *in forma pauperis*, as in this case, "[j]udgment may be rendered for costs at the conclusion of the suit or action as in other proceedings." *Shaw v. Hardberger*, Nos. 10-50136, 10-50443, 2011 WL 1519134, at *2 (5th Cir. Apr. 21, 2011) (quoting 28 U.S.C. § 1915(f)(1)); *see also Lamb v. Mendoza*, No. C-07-449, 2010 WL 11519202, at *3–4 (S.D. Tex. Nov. 15, 2010).

The Fifth Circuit has noted that "'[a] wide range of reasons have been invoked'" to deny a prevailing party costs, including "(1) the losing party's limited financial resources; (2) misconduct by the prevailing party; (3) close and difficult legal issues presented; (4) substantial benefit conferred to the public; and (5) the prevailing party's enormous financial resources," but one or more of these factors must have been combined with prosecution of the case in good faith. *Pacheco*, 448 F.3d at 794 (citing 10 Wright & Miller, Federal Practice and Procedure § 2668, at 234 (1998)).[4] "[G]ood faith is alone insufficient to justify the denial of costs to the prevailing party"

---

[4] *See Save Our Valley v. Sound Transit*, 335 F.3d 932, 945 (9th Cir. 2003) (finding that courts may consider "the losing party's limited financial resources" and "the chilling effect on future . . . litigants of imposing high costs" in determining whether to award costs); *Whitfield v. Scully*, 241 F.3d 264, 270 (2d Cir. 2001) (finding that it is within a district court's discretion to deny costs based on "misconduct by the prevailing party, the public importance of the case,

because "[a]ll federal litigants . . . have an obligation to bring suit in good faith." *Id*. at 795. Here, even assuming, without deciding, that Plaintiff brought this suit in good faith, he has not offered any evidence showing he cannot afford to pay Defendant's costs, or any of the other factors that courts have considered.

Plaintiff alleges that he cannot afford to pay the costs because he is the only source of income in his household, and he does not want his children's food or medical care to be limited. (docs. 117 at 1-2; 119 at 2.) Without evidence of his inability to pay due to limited financial resources, however, Plaintiff's statements alone do "not overcome the presumption in favor of taxing costs." *Smart v. Geren*, No. EP-07-CV-291-KC, 2009 WL 10701867, at *3 (W.D. Tex. June 6, 2009); *see also Gaines v. Techline, Inc.*, No. 1:13-CV-00576, 2017 WL 5505989, at *3 (W.D. La. Nov. 16, 2017) (finding that although the plaintiff's case was prosecuted in good faith and he claimed indigence, he was required to pay costs because he failed to present evidence showing he was unable to pay costs due to indigence); *Williams v. J.B. Hunt Transp., Inc.*, No. 4:13-CV-02510, 2016 WL 4445442, at *4 (S.D. Tex. Aug. 24, 2016) (the plaintiff's statement that he had "limited resources," without evidence, was "insufficient to support his claim of indigency."). Although his motion to proceed *in forma pauperis* stated he made $27,000 over the course of one year, that motion was filed over two years ago (*see* doc. 5), and Plaintiff has not presented evidence as to whether his "financial situations [sic] is better, worse, or unchanged compared with [over] two years ago . . . ." *Smart*,

---

the difficulty of the issues, or the losing party's limited financial resources"), *abrogated on other grounds by Bruce v. Samuels*, 136 S.Ct 627 (2016); *Weeks v. Samsung Heavy Indus. Co., Ltd.*, 126 F.3d 926, 945 (7th Cir. 1997) ("Generally, only misconduct by the prevailing party worthy of a penalty or the losing party's inability to pay will suffice to justify denying costs"); *Cantrell v. Int'l Bhd. of Elec. Workers*, 69 F.3d 456, 458–59 (10th Cir. 1995) (en banc) (providing examples of circumstances in which courts of various jurisdictions have properly denied costs, including when the prevailing party "was only partially successful," the prevailing party acted in an obstructive and bad faith manner during the litigation, the damages were nominal, the costs were "unreasonably high or unnecessary," the case issues were "close and difficult," and the non-prevailing party was indigent); *Poe v. John Deere Co.*, 695 F.2d 1103, 1108 (8th Cir. 1982) (finding that it is within a court's discretion to deny costs because a plaintiff is poor).

2009 WL 10701967, at *3.

Plaintiff's objection that Defendant should not recover costs against him based on good faith and inability to pay is also overruled.

### III.  CONCLUSION

Defendant is awarded $2,312.25 in taxable costs.

**SO ORDERED** on this 23rd day of May, 2018.

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE