IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

JOSE MAURICIO MALAGON, §
§
Plaintiff, §
§ Civil Action No. 3:16-CV-0644-D
VS. §
§
CRESCENT HOTEL AND RESORTS, §
§
Defendant. §

MEMORANDUM OPINION
AND ORDER

Plaintiff Jose Mauricio Malagon ("Malagon") moves for relief under Fed. R. Civ. P. 60 from an adverse judgment entered following the entry of partial summary judgment and a bench trial.[1] Concluding that Malagon has not produced newly-discovered evidence, clear and convincing proof of fraud or misconduct, or any other reason justifying relief, the court denies the motion.

I

The court has already recited the relevant background facts in a prior memorandum opinion and order, *see Malagon v. Crescent Hotel & Resorts* (*Malagon I*), 2017 WL 2536995, at *1-2 (N.D. Tex. June 12, 2017) (Fitzwater, J.), and it will not repeat those facts here.

---

[1]On September 11, 2018 Malagon filed a Rule 60 motion. On October 1, 2018 he filed a Rule 60(b) motion that is in the nature of a supplement to his initial motion and includes additional exhibits. Defendant Crescent Hotels and Resorts responded to both motions on October 2, 2018. Malagon has not replied to the response.

Malagon filed the instant lawsuit against defendant Crescent Hotels and Resorts ("Crescent"), alleging claims under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*, and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* In *Malagon I* the court entered partial summary judgment in favor of Crescent as to all but one of Malagon's claims: that Crescent had failed to reasonably accommodate Malagon's disability, in violation of the ADA. The parties then tried the remaining claim to the court in a bench trial. By that time, Malagon's counsel had withdrawn, and he was proceeding *pro se*. At the conclusion of the trial, the court ruled in favor of Crescent, finding that Malagon had failed to prove the accommodation claim by a preponderance of the evidence, and it entered judgment in favor of Crescent.

Malagon now moves under Rule 60 for relief from the judgment on the grounds that he has acquired new evidence in support of his claim,[2] that Crescent's attorneys and witnesses engaged in fraud and misconduct, and that his *pro se* status put him at an unfair disadvantage at trial. Crescent opposes the motion.

II

Under Rule 60(b)(2), the court may relieve a party from a judgment if the party presents "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)."

---

[2] It is not apparent from reading Malagon's motion that he is relying on a new-evidence ground. But because Crescent has responded to the new-evidence contention and the court is reading the motion liberally, it will analyze this ground as if it were properly raised.

> To succeed on a motion for relief from judgment based on newly discovered evidence, our law provides that a movant must demonstrate: (1) that it exercised due diligence in obtaining the information; and (2) that the evidence is material and controlling and clearly would have produced a different result if present[ed] before the original judgment.

*Goldstein v. MCI WorldCom*, 340 F.3d 238, 257 (5th Cir. 2003) (citing *Provident Life & Accident Ins. Co. v. Goel*, 274 F.3d 984, 999 (5th Cir. 2001)). Rule 60(b)(3) allows the court to grant relief on the basis of "fraud . . . misrepresentation, or misconduct by an opposing party." "Fraud is 'never presumed' and 'must always be proven by clear and convincing evidence.'" *Tu Nguyen v. Bank of Am., N.A.*, 516 Fed. Appx. 332, 335 (5th Cir. 2013) (per curiam) (quoting *Saenz v. Kennedy*, 178 F.2d 417, 419 (5th Cir. 1949)). And under Rule 60(b)(6), the court can grant relief for "any other reason that justifies relief." Although Rule 60(b)(6) is broadly worded, it is narrowly applied: "[r]elief under Rule 60(b)(6)—a 'catch-all' provision—is available 'only if extraordinary circumstances are present.'" *Bahsoon v. Wells Fargo Bank, N.A.*, 2013 WL 1831786, at *1 (N.D. Tex. May 1, 2013) (Fitzwater, C.J.) (quoting *Hess v. Cockrell*, 281 F.3d 212, 216 (5th Cir. 2002)).

III

Applying the foregoing principles, the court concludes that Malagon has not shown he is entitled to relief.

Malagon's exhibits do not constitute new evidence that would have led to a different outcome at trial. Nearly all of his exhibits were available to him before trial, either because he already possessed them or because Crescent produced them during discovery. The only

truly new items that the court has identified—a September 2018 letter from Malagon's pastor attesting to Malagon's character, and a June 2018 doctor's note—would not have changed the outcome at trial.

Nor does Malagon establish that Crescent engaged in fraud or misconduct. At some points in his motion, Malagon tries to shift the burden of proof to Crescent to show that there *was no* fraud. But under the law, it is Malagon who must prove that there *was* fraud, by clear and convincing evidence. The clear and convincing evidence standard is a difficult one to meet:

> [c]lear and convincing evidence is that weight of proof which produces in the mind of the trier of fact a firm belief or conviction . . . so clear, direct and weighty and convincing as to enable the fact finder to come to a clear conviction, without hesitancy, of the truth of precise facts of the case.

*Hornbeck Offshore Servs., L.L.C. v. Salazar*, 713 F.3d 787, 792 (5th Cir. 2013) (quoting *Shafer v. Army & Air Force Exch. Serv.*, 376 F.3d 386, 396 (5th Cir. 2004)). Malagon's arguments and exhibits do not constitute clear and convincing evidence of fraud.

Malagon does not offer any other compelling reason why the judgment should be vacated. He emphasizes that his attorney abandoned him shortly before trial. Yet when his attorney moved to withdraw, Malagon insisted that the court *not* reschedule his trial because he intended to represent himself. He filed a *pro se* "notice of appearance and designation of pro se" in which he stated the following, in pertinent part:

> Plaintiff Jose Mauricio Malagon asks for permission to proceed Pro Se. Plaintiff is very familiar with the details of the case and has an intense desire and need to protect the interests of the case.

> Plaintiff Jose Mauricio Malagon *does not ask* to res[e]t the bench trial on April 2, 2018.
>
> . . .
>
> Also, I ask for permission to admit someone as a paralegal to be helping during the trial.

Mar. 16, 2018 Notice of Appearance at 2 (emphasis in original; paragraph numbering omitted). The court gave Malagon exactly what he asked for: it declined to continue the trial, and it granted his request to have a paralegal assist him during the trial, provided the person did not attempt to act in the role of an attorney. Malagon cannot now change his mind and argue that because he did not have counsel at trial, he is entitled to relief from the judgment against him. This is not an "extraordinary circumstance[]" justifying such relief. *See Bahsoon*, 2013 WL 1831786, at *1.

In sum, because Malagon has not satisfied the requirements of Rule 60, he is not entitled to the relief he seeks.

\* \* \*

For the foregoing reasons, the court denies Malagon's September 11, 2018 Rule 60 motion, as supplemented on October 1, 2018.

**SO ORDERED**.

November 1, 2018.

　　　　　　　　　　　　_____
　　　　　　　　　　　　SIDNEY A. FITZWATER
　　　　　　　　　　　　SENIOR JUDGE